UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Elko, | : | Case No. 1:07CV1409 |
| Petitioner | : | Judge Donald P. Nugent |
| v. | : | Magistrate Judge David S. Perelman |
| Stuart Hudson, Warden, | : | |
| | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his convictions in two cases.

In the first, Cuyahoga County Common Pleas Case No. CR-436160, petitioner was convicted on April 14, 2003, pursuant to a jury trial, on one count of improperly discharging a firearm at or into a habitation or school and three counts of felonious assault, with each count bearing firearm specifications, upon which he was sentenced to an aggregate of five years incarceration.

In the second, Cuyahoga County Common Pleas Case No. CR-437173, petitioner was convicted on May 7, 2003, pursuant to entry of pleas of guilty, on one count of kidnapping, two counts of felonious assault, and one count of sexual battery upon which he was sentenced to two six year terms of incarceration, to run concurrently with each other and with the sentences imposed in

1

Case No. CR-436160.[1]  Petitioner was also classified as a sexually oriented offender.

On October 21, 2003 petitioner appealed his convictions in Case No. CR-436160 to the Ohio Eighth District Court of Appeals, alleging the following eleven assignments of error:

    I.    Defendant was denied effective assistance of counsel.

    II.    Defendant was denied due process of law by reason of improper prosecutorial argument

    III.    Defendant was denied due process of law by reason of improper prosecutorial argument.

    IV.    Defendant was denied due process of law when the court failed to give any instruction concerning the willful lies by Kenneth Rutherford.

    V.    Defendant was denied due process of law when the court did not give any instruction concerning alibi.

    VI.    Defendant was denied due process of law when the court instructed the jury that Defendant could be found guilty for the intervening act of another.

    VII.    Defendant was denied due process of law when the court amended the indictment by allowing Defendant to be convicted for a date of offense other than that specified in the indictment.

    VIII.    Defendant was denied due process of law when he was convicted of Felonious Assault.

    IX.    Defendant was denied due process of law when the court overruled Defendant's motion for judgment of acquittal.

    X.    Defendant was denied due process of law when he was multiply sentenced.

---

[1] Although petitioner had been charged with one count of kidnapping, one count of rape, one count of gross sexual imposition, two counts of felonious assault, and one count of intimidation, each count bearing specifications for having been a repeat violent offender, having been convicted previously, having committed the offense with sexual motivation, and for being a sexually violent predator, the remaining counts were nolled/amended pursuant to a plea agreement.

> XI. Defendant was denied due process of law when he was doubly sentenced for a firearm where a firearm was an element of the offense.

On October 12, 2004 the appellate court affirmed the convictions and sentences imposed by the trial court.

On November 19, 2004 petitioner appealed the appellate court ruling to the Ohio Supreme Court, alleging the following four propositions of law:

> **Proposition of Law No. 1**: The appellant was denied effective assistance of appellate counsel when appellate counsel failed to assign as error the sufficiency and manifest weight of the evidence; and appellant was denied basic due process of law when he was convicted on evidence that is constitutionally insufficient to support a conviction for the charged offenses, and/or when the conviction is against the manifest weight of the evidence.
>
> **Proposition of Law No. 2**: The appellant was denied effective assistance of appellate counsel when appellate counsel failed to properly argue the trial court's error of constructive amendment of the indictment; and the appellant was denied basic due process of law when the trial court constructively amended the indictment during jury instructions, effectively depriving the appellant of his prepared defense, allowing the appellant to be convicted for offenses that would have occurred on dates other than indicted, and allowing the appellant to be convicted for offenses on dates not presented to the evidence.
>
> **Proposition of Law No. 3**: The appellant was denied due process of law when the trial court refused to grant a mistrial; and/or the appellant was denied effective assistance of trial counsel for counsel's failure to move for mistrial at an earlier stage in the trial.
>
> **Proposition of Law No. 4**: The appellant was denied due process of law and a fundamentally fair trial when the trial court failed to instruct the jury concerning the willful and intentional lies of complaining witness Kenneth Rutherford, and concerning the appellant's alibi defense; and the appellant was denied effective assistance of counsel when trial counsel failed to file a notice of alibis and request appropriate jury instructions.

On February 16, 2005 the state supreme court denied petitioner leave to appeal and dismissed the

appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

Approximately six months after entry of his pleas of guilty in Case No. CR-437173, petitioner filed on March 26, 2004 a motion to withdraw those pleas of guilty, arguing that his pleas were not knowingly, intelligently and voluntarily made, but rather were made under pressure by attorneys. The trial court denied his motion on April 2, 2004.

On May 5, 2004 petitioner appealed that ruling to the Ohio Eighth District Court of Appeals, alleging the following sole assignment of error:

> I. Defendant was denied due process of law when the court overruled Defendant's motion to withdraw his plea without an evidentiary hearing.

On January 13, 2005 the appellate court affirmed his conviction partly on procedural grounds, holding in pertinent part:

> In this case, Elko claims his plea was not knowingly intelligently, and voluntarily entered. However, Elko failed to file a transcript of the original plea in accord with App.R. 9(B); therefore, it is impossible for us to review the actual plea. When the transcript, or portion thereof, necessary for the determination of an assigned error is omitted, a reviewing court must presume the validity of the proceedings below. See *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 1993-Ohio-177.

The court further held that the presumption of the validity of the proceedings below could not be overcome by petitioner's "self-serving affidavits." The court also disapproved of the timing of the motion:

> We also note that Elko waited over six months after entering his guilty plea to file his motion to withdraw. Although there is no prescribed time limit after the imposition of sentence during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting

> the credibility of the movant and militating against the granting of the motion. *State v. Smith* (1977), 49 Ohio St.2d 261, 265, citing *Oksanen v. United States* (8th Cir. 1966), 362 F.2d 74. We find that the trial court did not abuse its discretion in declining to find a manifest injustice warranting the extraordinary step of negating Elko's plea six months after entry thereof.

Petitioner's motion for reconsideration of that decision was denied by the court on February 25, 2005.

On April 8, 2005 the petitioner, acting pro se, appealed the appellate court ruling to the Ohio Supreme Court, alleging the following three propositions of law:

> **Proposition of Law No. 1**: The trial court abused its discretion and erred to the appellant's substantial prejudice by dismissing the appellant's Motion to Withdraw Guilty Plea without holding a hearing to determine the trustworthiness of the affidavits in support when, if true, the appellant's claims would entitle him to relief as a matter of law.
>
> **Proposition of Law No. 2**: When the matters complained of in seeking to have a sentence vacated and to withdraw a plea of guilty are outside of the record, and not recorded therein, it is not error for the appellant to fail to provide a transcript of the proceedings as such transcripts would be useless in deciding whether the allegation[s] have merit, so as to warrant withdrawal of the guilt plea.
>
> **Proposition of Law No. 3**: It is ineffective for counsel who acts both as counsel in the proceedings to withdraw the appellant's guilty plea and as appellate counsel, to fail to protect his client's substantial rights by failing to argue in the trial and appellate courts that the guilty plea was unknowingly and involuntarily made based upon the appellant's lack of knowledge of the nature of the elements of the offenses, the proof requirements for such elements, and the nature of the evidence that would have precluded conviction had the matter been tried by a jury; and for such counsel's failure to argue trial counsel's ineffectiveness in advising a client to plead guilty when the evidence in the matter would preclude conviction if tried by a jury on the merits; and the client is thereby deprived of his constitutional right to effective assistance of counsel at each such point.

On June 29, 2005 the state supreme court denied petitioner leave to appeal and dismissed the appeal

5

as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

On February 18, 2005, while the appeal of the trial court's denial of his motion to withdraw guilty plea was pending, petitioner filed pro se a petition for writ of mandamus to the state supreme court urging the court to compel his trial judge to declare Ohio statutes (Ohio Revised Code §§ 2929.14 and 2929.19) unconstitutional and, based thereon, to declare his sentences void.  The court dismissed the petition on April 13, 2005.  Petitioner then appealed that ruling to the United States Supreme Court on June 30, 2005, but his petition for writ of certiorari was denied on October 11, 2005.

Petitioner filed another post conviction motion in the state trial court on May 9, 2005 captioned "Notice of Void Judgment and Motion to Vacate," which was denied on May 12, 2005.  There is no indication that petitioner appealed that ruling.

Undaunted by the denial of his first petition for writ of mandamus, petitioner filed a second such petition on October 11, 2005, this time with the Ohio Eighth District Court of Appeals, urging the court to compel his trial judge to vacate or dismiss his two criminal cases as it was his opinion that the procedure underlying his indictment was flawed.  On March 8, 2006 the court dismissed the petition.

Petitioner appealed that dismissal to the state supreme court on April 10, 2006, but on August 30, 2006 that court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On March 24, 2006 the petitioner filed pro se with the trial court a pleading captioned "Motion to Resentence Defendant," which was denied on June 16, 2006.  On July 13, 2006 petitioner appealed that ruling to the state appellate court alleging the following sole assignment of

error:

> I. The trial court erred to the prejudice of the appellant's substantial rights by failing or refusing to order the appellant [re]sentenced under valid law, as the sentence previously attempted is void for having been imposed under unconstitutional and void statutory provisions; causing the appellant to be imprisoned without a valid prison sentence.

On May 31, 2007 the court "released" its decision affirming the judgement of the trial court.

On June 8, 2007 the petitioner filed a motion with the state appellate court to have it certify a conflict to the state supreme court, but that motion was denied on June 13, 2007. There is no evidence that petitioner appealed that ruling.

On November 4, 2005 petitioner, acting pro se, filed with this federal court his first petition for writ of habeas corpus (bearing Case No. 1:05CV2591), which was dismissed without prejudice on March 15, 2006 as having unexhausted claims to be pursued in the state courts. The court instructed petitioner to refile upon the conclusion of the pending state court proceedings. Instead of following the court's directions, petitioner merely filed an amended petition for writ of habeas corpus under the same case number. When the respondent failed to answer the petition, petitioner filed a motion for default judgment on December 11, 2006, which was denied on December 18, 2006.

On March 15, 2007 petitioner filed a pleading captioned "Motion to Accept Jurisdiction and Proceed with Case, but that motion was denied on April 25, 2007.

On May 7, 2007 petitioner filed with this federal court the instant pro se petition for writ of habeas corpus, in which he raises seven claims for relief.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after

7

the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The respondent argues that the petition should be dismissed as having been untimely filed.

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired. Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Such a post-conviction petition is "properly filed" under the statute if it complies with the applicable state rules governing filing. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Walker v. Smith, 360 F.3d 561, 563 (6th Cir. 2004).

However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

An untimely post-conviction petition is not properly filed for purposes of tolling the limitations period in a habeas case, even where state law provides exceptions to the timely filing requirements. Pace v. DiGuglielmo, 544 U.S. 408, 413-417 (2005).

Where a petition is timely filed but includes claims which were not exhausted in the state courts, the petition will be dismissed and the petitioner directed to exhaust the state court remedies and refile the petition within 30 days of doing so. If that task has been diligently completed and the return to federal court is prompt, even if the time for filing the petition has expired the petitioner may be entitled to equitable tolling of the limitations period. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir. 2005); Hargrove v. Brigano, 300 F.3d 717, 720, 721 (6th Cir. 2002).

In the present case, this Court will consider June 30, 2005 to be the date upon which the one year limitations period began to run, as it was on the previous day that the state supreme court dismissed petitioner's appeal from the lower court's denial of his motion to withdraw his plea of guilty in Case No. CR-437173.[2] The one year period, therefore, expired on June 30, 2006. The instant petition was not filed until May 7, 2007.

The limitations period was not tolled by the filing of the two mandamus petitions, as they were dismissed by the state courts based on the fact that the remedy was not available to challenge his convictions as he attempted to do, as well as the fact that he failed to comply with the procedural requirements for filing the applications for mandamus. This Court is obliged to accept as valid the state court's interpretation of its statutes and rules of practice. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986).

As for petitioner's pleading captioned "Notice of Void Judgment and Motion to Vacate," that also failed to toll the limitations period as it was filed on May 9, 2005, and decided three days later, which was before June 30, 2005, the date this Court is relying on as the start of the one-year limitations period.

Petitioner's motion requesting the trial court to resentence him, filed on March 24, 2006, also fails to toll the limitations period in light of the fact that the state appellate court held that there was "no statutory or procedural rule authorizing such a motion," and that even if it was "construed as a petition for postconviction relief," it would have been "untimely [filed] as it was filed beyond the

---

[2]Using this date is most beneficial to petitioner, in light of the fact that his direct appeal from the conviction in Case No. CR-436160 was final prior to that date. On February 16, 2005 the state supreme court dismissed his appeal as not involving any constitutional question, so the limitations period would have begun to run after the expiration of the ninety-day period within which to seek a writ of certiorari with the United States Supreme Court. Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). That ninety-day period does not toll the limitations period when review is sought from an appellate decision on a post-conviction or other collateral review action. Lawrence v. Florida, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

9

time limits set forth in R.C. 2953.21(A)(2)."

Finally, the limitations period was not tolled by the November 4, 2005 filing of the first federal petition for writ of habeas corpus, as Section 2244 (d)(2) provides that it is only actions filed in state, and not federal, court which toll the running of the statute. Duncan v. Walker, 533 U.S. 167 (2001).

There is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of his time-barred claims for relief in habeas corpus. See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001).

That being so, the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   February 22, 2008

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).